# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DINÉ CITIZENS AGAINST RUINING OUR
ENVIRONMENT; SAN JUAN CITIZENS
ALLIANCE; WILDEARTH GUARDIANS;
and NATURAL RESOURCES DEFENSE
COUNCIL,

      Plaintiffs,

vs.                                                                        No. CIV 15-0209 JB/SCY

SALLY JEWELL, in her official capacity as
Secretary of the United States Department of the
Interior; UNITED STATES BUREAU OF
LAND MANAGEMENT, an agency within the
United States Department of the Interior; and
NEIL KORNZE, in his official capacity as
Director of the United States Bureau of Land
Management,

      Defendants,

and

WPX ENERGY PRODUCTION, LLC;
ENCANA OIL & GAS (USA) INC.; BP
AMERICA COMPANY; CONOCOPHILLIPS
COMPANY; BURLINGTON RESOURCES
OIL & GAS COMPANY LP; AMERICAN
PETROLEUM INSTITUTE; and ANSCHUTZ
EXPLORATION CORPORATION,

      Intervenor-Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Injunction

Pending Appeal, filed August 25, 2015 (Doc. 70)("Motion").  The Court held a hearing on

September 16, 2015.  The primary issue is whether the Court should grant the Plaintiffs' request

to enter an injunction pending appeal to prevent commencement of development on at least two

applications for permits to drill in the Mancos Shale formation in northwestern New Mexico. The Court has, in preparation for the hearing, reviewed the Memorandum Opinion and Order, filed August 14, 2015 (Doc. 63)("MOO"), denying the Plaintiffs' Motion for Preliminary Injunction, filed May 11, 2015 (Doc. 16). The Court has also carefully reviewed the parties' briefing on the Motion.

After carefully considering the parties' arguments and needs, particularly the Plaintiffs' need to appeal to the United States Court of Appeals for the Tenth Circuit as soon as possible, the Court denies the Motion. If the Court had more time to treat the Motion as a motion to reconsider, it might address in more detail at least some of the Plaintiffs' arguments. Because the Court remains confident, on this expedited basis, that it correctly decided the motion for preliminary injunction, it is unlikely to change its bottom line, even if it ultimately decided to tweak its analysis, which it is not at this time inclined to do. The four prongs of this Motion are the same, or are arguably even more rigorous, than they are for a motion for preliminary injunction. See In re Lang, 414 F.3d 1191, 1201 (10th Cir. 2005); Fed. R. Civ. P. 62(c). Because the Plaintiffs are, in essence, requesting that the Court grant it the relief, pending appeal, that the Court recently decided they were not entitled to receive, "the burden of meeting the standard is a heavy one." 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2904 (3d ed. 2015). See Fullmer v. Mich. Dep't of State Police, 207 F. Supp. 2d 663, 664 (E.D. Mich. 2002)(because Rule 62(c) factors are the same as preliminary injunction factors, movant will have more difficulty establishing the first factor, likelihood of success on the merits, due to the difference in procedural posture: a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal, not merely the possibility of success on the merits); Millennium Pipeline Co., LLC v. Certain Permanent & Temp.

Easements in (No Number) Thayer Rd., 812 F. Supp. 2d 273, 275 (W.D.N.Y. 2011)("[L]ogic dictates that a court will seldom [issue an order or judgment and] then turn around and grant [a stay] pending appeal, finding, in part, that the party seeking [the stay] is likely to prevail on appeal, i.e., that it is likely that the court erred in [issuing the underlying order or judgment]." (quoting Dayton Christian Sch. V. Ohio Civil Rights Comm'n, 604 F. Supp. 101, 103 (S.D. Ohio 1984))).

The Court has carefully considered those four prongs and has done the best it can in the limited time available. The parties and the Court agree that a quick ruling by the Court will most assist the Plaintiffs in getting their request for an injunction pending appeal to the Tenth Circuit. See Fed. R. App. P. 8 ("**Stay or Injunction Pending Appeal. (a) Motion for Stay. (1) Initial Motion in the District Court.** A party must ordinarily move first in the district court . . . "). Accordingly, for the reasons stated on the record at the hearing, and in the Court's MOO, the Court declines the Motion.

**IT IS ORDERED** that the Plaintiffs' Motion for Injunction Pending Appeal, filed August 8, 2015, is denied.

_____
UNITED STATES DISTRICT JUDGE

_Counsel_:

Kyle Tisdel
Western Environmental Law Center
Taos, New Mexico

--and--

- 3 -

Samantha Ruscavage-Barz
WildEarth Guardians
Santa Fe, New Mexico

*Attorneys for the Plaintiffs*

Clare Marie Boronow
Justin Alan Torres
Environment and Natural Resources Division
United States Department of Justice
Washington, District of Columbia

*Attorneys for the Defendants*

Hadassah M. Reimer
Holland & Hart LLP
Jackson, Wyoming

--and--

John Fredrick Shepherd
Holland & Hart LLP
Denver, Colorado

--and--

Bradford C. Berge
Holland & Hart LLP
Santa Fe, New Mexico

*Attorneys for Intervenor-Defendants WPX Energy Production, LLC; Encana Oil & Gas (USA) Inc.; BP America Production Company; ConocoPhillips Company; and Burlington Resources Oil & Gas Company LP*

Bradford C. Berge
Holland & Hart LLP
Santa Fe, New Mexico

*Attorneys for Intervenor-Defendant Anschutz Exploration Corporation*

Steven Rosenbaum
Covington & Burling, LLP
Washington, D.C.

--and--

Andrew Schau
Covington & Burling, LLP
New York, New York

--and--

Michael R. Comeau
Jon J. Indall
Joseph E. Manges
Comeau, Maldegen, Templeman & Indall, LLP
Santa Fe, New Mexico

    *Attorneys for the Intervenor-Defendants American Petroleum Institute*