IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DINÉ CITIZENS AGAINST RUINING OUR
ENVIRONMENT; SAN JUAN CITIZENS
ALLIANCE; WILDEARTH GUARDIANS;
and NATURAL RESOURCES DEFENSE
COUNCIL,

    Plaintiffs,

vs.                                                                                                       No. CIV 15-0209 JB/SCY

SALLY JEWELL, in her official capacity as
Secretary of the United States Department of the
Interior; UNITED STATES BUREAU OF
LAND MANAGEMENT, an agency within the
United States Department of the Interior; and
NEIL KORNZE, in his official capacity as
Director of the United States Bureau of Land
Management,

    Defendants,

and

WPX ENERGY PRODUCTION, LLC;
ENCANA OIL & GAS (USA) INC.; BP
AMERICA COMPANY; CONOCOPHILLIPS
COMPANY; BURLINGTON RESOURCES
OIL & GAS COMPANY LP; AMERICAN
PETROLEUM INSTITUTE; and ANSCHUTZ
EXPLORATION CORPORATION,

    Intervenor-Defendants.

# ORDER[1]

**THIS MATTER** comes before the Court on the Plaintiffs' Opening Merits Brief, filed April 28, 2017 (Doc. 112). The primary issues are: (i) whether the Plaintiffs Diné Citizens Against Ruining our Environment, San Juan Citizens Alliance, WildEarth Guardians, and the Natural Resources Defense Council (collectively "the Plaintiffs") have standing to pursue their National Environmental Policy Act, 42 U.S.C. §§ 4321 to 4370m-12 ("NEPA"), and National Historic Preservation Act, 54 U.S.C. 300101 et seq. ("NHPA"), claims; (ii) whether the Plaintiffs are challenging final agency action within the meaning of the Administrative Procedure Act, 5 U.S.C. § 704 ("APA"), by contesting various Applications for Permit to Drill ("APDs") submitted to Defendant United States Bureau of Land Management ("BLM"); (iii) whether any of the Plaintiffs' claims are moot; (iv) whether the BLM failed to adequately consider under NEPA the environmental impacts of hydraulic fracturing and horizontal drilling in developing the San Juan Basin's Mancos Shale Formation by relying on a 2003 Environmental Impact Statement; (v) whether the BLM complied with NEPA's public involvement requirements when it delayed publishing its Environmental Assessments ("EAs") for the APDs on its website; and (vi) whether the BLM violated the NHPA by failing to consider the direct and indirect effects of the Mancos Shale wells on various historic sites. The Court concludes that: (i) the Plaintiffs have standing, because they have shown an "alleged increased environmental risk" or an aesthetic injury, which are constitutionally cognizable injuries, <u>Committee to Save the Rio</u>

---

[1] The Order disposes of the requests in the Plaintiffs' Opening Merits Brief, filed April 28, 2017 (Doc. 112). The Court will, however, issue a Memorandum Opinion at a later date more fully detailing its rationale for this decision. The Court is also not issuing a final judgment at this time, which would make this Order appealable, because it needs more time to finalize the Memorandum Opinion. The current draft of the Memorandum Opinion is seventy-five pages long.

Hondo v. Lucero, 102 F.3d 445, 449 (10th Cir. 1996); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 562-63 (1992), that are fairly traceable to the "agency's alleged failure to follow the National Environmental Policy Act's procedures," Committee to Save the Rio Hondo v. Lucero, 102 F.3d at 452, and which a favorable ruling could likely redress; (ii) the Plaintiffs are challenging final agency action within the APA's meaning for all of the relevant APDs except for the APDs on which the BLM has not issued a decision, APDs that the operators have withdrawn, and APDs for which the operators have not submitted an APD package to the BLM, because, in those instances, "the consummation of the agency's decisionmaking process" has not yet occurred, Colorado Farm Bureau Federation v. U.S. Forest Service, 220 F.3d 1171, 1173-74 (10th Cir. 2000)(internal quotations and citations omitted); (iii) the Plaintiffs' claims are not moot, except as to the challenged wells which have been permanently abandoned, because only permanent abandonment makes it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," Friends of the Earth, Inc. v Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189 (2000)(internal quotations omitted); (iv) the BLM did not violate NEPA, because the BLM appropriately analyzed the impacts of horizontal drilling and hydraulic fracturing, and "any difference in environmental impacts between the new technology and the technology that the 2003 RMP/EIS analyzed are insignificant," Dine Citizens Against Ruining our Environment v. Jewell, No. 15-0209, 2015 WL 4997207, at *45 (D.N.M. 2015)(Browning, J.); (v) the BLM complied with NEPA's public involvement requirements, because the BLM has wide discretion in deciding how much to involve the public in its decision-making process, see WildEarth Guardians v. U.S. Fish and Wildlife Serv., 784 F.3d 677, 698 (10th Cir. 2015), NEPA regulations do not impose a deadline for making finished EAs available, see 43 C.F.R. § 46.305(c), and because the BLM did not conceal the EAs from the public, but

rather had problems uploading the documentation to its website, see Email between Amanda Nisula and Mike Eisenfeld at 1 (dated October 3, 2014)(A.R.0178204); (vi) the BLM did not violate the NHPA for the wells with no historical sites within their Areas of Potential Effect ("APEs"), but it violated the NHPA for some of the wells whose APEs contain historical sites, because some of the cultural resource analyses for those wells are conclusory, contain no finding, or are entirely absent from the record, see, e.g., NMCRIS Investigation Abstract Form at 4 (A.R.0167306), so the analyses either are not "supported by sufficient documentation to enable any reviewing parties to understand its basis," 36 C.F.R. § 800.11(a); see 36 C.F.R. § 800.11(e)(4)-(5), or do not "describe the potential of the undertaking . . . to affect" each of the historical sites within the APE, see Procedures for Performing Cultural Resource Fieldwork on Public Lands in the Area of New Mexico BLM Responsibilities at Appendix 3-7 (A.R.0168975)("Fieldwork Procedures"); New Mexico Bureau of Land Management Reporting Standards for Small-Scale Cultural Resource Inventory Project Reports at Appendix 3-7 (A.R.0169166); see also The State Protocol Between the New Mexico Bureau of Land Management and the New Mexico State Historic Preservation Officer Regarding the Manner in which BLM Will Meet its Responsibilities under the National Historic Preservation Act in New Mexico at 31 (A.R.0169243)("2014 Protocol")(establishing that the documentation standards for the 2014 Protocol are dictated by the Fieldwork Procedures); Protocol Agreement Between New Mexico Bureau of Land Management and New Mexico State Historic Preservation Officer at 5-6 (A.R.0169042-43)(establishing that the documentation standards for the 2004 Protocol are dictated by the Fieldwork Procedures).

**IT IS ORDERED** that the requests in the Plaintiffs' Opening Merits Brief, filed April 28, 2017 (Doc. 112), are granted in part and denied in part.

        /s/ *James O. Browning*
_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kyle Tisdel
Western Environmental Law Center
Taos, New Mexico

--and--

Samantha Ruscavage-Barz
WildEarth Guardians
Santa Fe, New Mexico

    *Attorneys for the Plaintiffs*

Jeffrey H. Wood
   Acting Assistant Attorney General
Justin Alan Torres
   Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C.

-- and --

Clare Marie Boronow
   Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Denver, Colorado

    *Attorneys for the Defendants*

Hadassah M. Reimer
Holland & Hart LLP
Jackson, Wyoming

--and--

Bradford C. Berge
Holland & Hart LLP
Santa Fe, New Mexico

--and--

John Fredrick Shepherd
Holland & Hart LLP
Denver, Colorado

> *Attorneys for Intervener-Defendants WPX Energy Production, LLC; Encana Oil & Gas (USA) Inc.; BP America Production Company; ConocoPhillips Company; Burlington Resources Oil & Gas Company LP; and Anschutz Exploration Corporation*

Michael R. Comeau
Jon J. Indall
Joseph E. Manges
Comeau, Maldegen, Templeman & Indall, LLP
Santa Fe, New Mexico

--and--

Steven Rosenbaum
Bradley Ervin
Covington & Burling, LLP
Washington, D.C.

--and--

Andrew Schau
Covington & Burling, LLP
New York City, New York

> *Attorneys for Intervenor-Defendant American Petroleum Institute*