# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DAVID BERNHARDT, *et al.*, | ) Case No. 1:15-cv-00209-JB-LF ) |
| Federal Defendants, | ) ) |
| and | ) ) |
| DJR ENERGY HOLDINGS, LLC, *et al.,* | ) ) |
| Intervenor Defendants. | ) |

## PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs Diné Citizens Against Ruining Our Environment, WildEarth Guardians, and San Juan Citizens Alliance (together "Diné CARE") and Federal Defendants Bernhardt, *et al.* (together "BLM") have met and conferred with respect to this motion. Concurrent with the filing of this motion, the parties have filed a Joint Motion for a Continuance and to Stay Proceedings Related to Plaintiffs' Motion for Attorney Fees, Costs, and Other Expenses Under the Equal Access to Justice Act ("EAJA"), in which they request a continuance and to stay proceedings on this motion for 60 days, or until October 1, 2019, in order to facilitate settlement talks. Accordingly, Diné CARE and BLM will endeavor to settle fees, costs, and litigation expenses. If they are unable to settle this matter, Diné CARE will then file an amended motion under EAJA.

Ultimately, Diné CARE will seek an order granting them their fees, costs, and litigation expenses in this matter pursuant to Local Rule 54 and EAJA. 28 U.S.C. § 2412(d). At this time, Diné CARE respectfully requests that this Court award them $780,304.50 in attorneys' fees and $11,405.03 in costs, for a total of $791,709.53 in fees and costs.

This motion is based the memorandum of points and authorities in support of this motion, the declarations and timesheets attached as exhibits in support of this motion, and all papers and records on file with the Clerk or which may be submitted before or at the time of the hearing, and any further evidence that may be offered.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs, four conservation and tribal organizations, filed this lawsuit on March 11, 2015 to challenge BLM's authorization of Mancos Shale applications for permit to drill ("APDs") and findings of no significant impact ("FONSIs") across the Greater Chaco Landscape, as managed and authorized by BLM's Farmington Field Office ("FFO"). Plaintiffs alleged violations of the National Environmental Policy Act ("NEPA"), 42 U.S. C. §§ 4321 *et seq.,* and its implementing regulations, made reviewable pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* Plaintiffs filed a motion for preliminary injunction on May 11, 2015, which was denied by the district court on August 14, 2015. Plaintiffs appealed that decision to the Tenth Circuit, which affirmed the district court's denial on October 27, 2016. This case then proceeded

to the merits stage. On April 23, 2018 the district court denied Plaintiffs claims and dismissed the case with prejudice. Plaintiffs appealed that merits decision to the Tenth Circuit. On May 7, 2019, the Tenth Circuit reversed the district court in part, finding that BLM had failed to take a hard look at the cumulative impacts of foreseeable Mancos Shale development and held "BLM therefore acted arbitrarily and capriciously in issuing FONSIs and approving APDs associated with these EAs." *Diné CARE v. Bernhardt*, 923 F.3d 831, 857 (10th Cir. 2019). The Tenth Circuit then remanded the matter to the district court with an order to vacate the subject Manco Shale drilling permits and remand the matter to BLM for compliance with NEPA. On July 2, 2019, the district court issued its remand order. Dkt. 157.

## II.   STANDARD

Pursuant to EAJA, a court shall award fees and costs to a prevailing party who is eligible for an EAJA fee award unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d).

## III.   DINÉ CARE IS ENTITLED TO FEES AND COSTS PURSUANT TO EAJA

### A.   Diné CARE is Eligible Under EAJA.

The Tenth Circuit has noted that "EAJA was enacted to ensure people would not be deterred from seeking review of, or defending against, unreasonable government action because of the expense involved in pursuing their rights." *Pettyjohn v. Shalala*, 23 F.3d 1572, 1575 (10th Cir. 1994). EAJA provides that "a court shall award" fees, costs, and other expenses to a prevailing party who is eligible for an EAJA fee award, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party is eligible for attorneys' fees, costs, and other expenses pursuant to EAJA if it: (1) is a "prevailing party"; that (2) incurred costs of litigation against the federal government; and (3) meets applicable size, net worth, or other criteria. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(B).

Diné CARE satisfy the first criterion for eligibility under EAJA because all are a "prevailing party." A party is a "prevailing party" under EAJA if it succeeds on any significant issue in litigation and achieves some of the benefits it sought in bringing suit. *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). Here, Diné CARE is unquestionably prevailing parties as they prevailed on their claims on the merits.

Further, Plaintiffs achieved the result they sought: a ruling that BLM failed to take a hard look at the cumulative impacts of all foreseeable Mancos Shale development across the Greater Chaco Landscape, and arbitrarily and capriciously approved of Mancos Shale APDs and issued FONSIs associated with subject environmental assessments ("EAs"). *Diné CARE*, 923 F.3d at 857. The relief Diné CARE obtained, vacatur of subject APDs and FONSIs, surpasses the requirement that they achieve some of the relief they sought and, accordingly, they are "prevailing part[ies]" pursuant to EAJA. *See, e.g., Rocky Mountain Wild v. Vilsack*, No. 09-cv-01272-WJM, 2013 WL 3233573, at *2 (D. Colo. June 26, 2013) (ruling that party "prevails" under EAJA when it obtains success on the merits under NEPA, and relief).

Diné CARE also satisfies the second criterion for eligibility: they incurred costs of litigation–including attorneys' fees, costs, and other expenses—in a judicial proceeding against a federal agency.

Diné CARE satisfies the third criterion for eligibility related to IRS 501(c)(3) status. *See* 28 U.S.C. § 2412(d)(2)(B) (stating standard).[1]

### B.    BLM's Position Was Not Substantially Justified

"Once a party's eligibility has been proven, an award of fees is mandatory pursuant to EAJA unless the government's position is substantially justified or special circumstances exist that make an award unjust." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991) (*citing* 28 U.S.C. § 2412(d)(1)(A)). Here, BLM bears the burden of proving that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). BLM must make a "strong showing" in order to meet its burden. *Nat. Res. Def. Council v. Envt'l Prot. Agency*, 703 F.2d

---

[1] Plaintiff Natural Resources Defense Council does not seek recovery of attorneys' fees or costs under EAJA. *See also, League for Conservation Prot. v.  Kempthorne*, No. C 05-0991-CW, 2006 WL 3797911, at *3 (N.D. Cal. Dec. 22, 2006) (ruling that the presence of a party not seeking fees among other plaintiffs did not defeat their eligibility under EAJA); *see also ONRC Fund v. Goodman*, No. 05-cv-3004-PA, 2008 WL 4000442, at *3 & n.3 (D. Or. Aug. 25, 2008) (same).

700, 712 (3rd Cir. 1983) (citing H.R. Rep. No. 1418 at 16, 18, 96th Cong., 2nd Sess. 8-9, *reprinted in* 1980 U.S. Code Cong. & Ad. News 4953, 4984, 4986-88).

To determine if an agency's position was substantially justified, the court considers the reasonableness of the underlying government action and the position asserted by the agency in defending its validity. *Hackett v. Barnhart*, 475 F.3d 1166, 1170-72 (10th Cir. 2007); *Commissioner, INS v. Jean,* 496 U.S. 154, 158 n.7 (1990) (noting that Congress intended to provide for fees when unjustifiable agency action forces litigation, even when agency tries to avoid liability by reasonable behavior during litigation). "[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzales*, 428 F.3d 870, 874-75 (9th Cir. 2005) (citation omitted).

Here, BLM cannot meet its burden of proving that its actions and litigation position were substantially justified. The Court applied a straightforward reading of the Council on Environmental Quality's NEPA regulations to determine that the BLM approvals of Mancos Shale APDs were illegal because "the 2014 RFDS made it reasonably foreseeable that 3,960 horizontal Mancos Shale wells would be drilled, and NEPA therefore required the BLM to consider the cumulative impacts of those wells in the EAs it conducted for subsequent horizontal Mancos Shale well APDs." *Diné CARE,* 923 F.3d at 853. The Tenth Circuit then held "BLM therefore acted arbitrarily and capriciously in issuing FONSIs and approving APDs associated with these EAs." *Id.* at 857. The Tenth Circuit's reasoning demonstrates it did not consider BLM's decisions and litigation position substantially justified.

### C.    No Special Circumstances Exist that Would Make an Award Unjust

The "special circumstances" exception to eligibility under EAJA is a "'safety valve' [that] … gives the court discretion to deny awards where equitable considerations dictate an award should not be made." H.R. Rep. No. 1418, 96th Cong., 2nd Sess. 5, 11, *reprinted in* 1980 U.S.C.C.A.N. 4984, 4990. "The burden of proving special circumstances … rests with the government." *Love*, 924 F.2d at 1495. There are no special circumstances in this case that would

make an award unjust. *Cf. Meinhold v. U.S. Dept. of Defense*, 123 F.3d 1275, 1277 n.1 (9th Cir. 1997) (noting that the court considered a party's "bad faith" in its consideration under EAJA).

## IV. DINÉ CARE SEEKS REASONABLE HOURLY RATES

### A. Diné CARE is Entitled to Enhanced Rates under EAJA

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. EAJA provides that a court shall award "reasonable attorney fees" to prevailing parties. 28 U.S.C. § 2412(d)(2)(A). EAJA sets a base rate of $125 per hour but provides that a court may award higher rates if it "determines that an increase in the cost of living or a special factor … justifies a higher fee." *Id*.

In general, courts defer to the billing judgment of the prevailing party's attorneys. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (courts should "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."). However, a prevailing party's attorneys must omit non-compensable time. *Hensley*, 461 U.S. at 437. The defending federal agency has the burden of showing that any claimed time is unreasonable. *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984). Once a fee applicant has filed evidence to support its claimed time, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d, 1392, 1397–98 (9th Cir. 1992).

"Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. 435. Recognizing that the EAJA rates might be too low in some instances to enable a litigant to obtain competent legal representation, EAJA provides for fee enhancements where special factors, such as the limited availability of qualified attorneys for the proceedings, are present. In *Pierce v. Underwood*, 487 U.S. 552, 572 (1988), the Supreme Court clarified that reimbursement above the EAJA rate is allowed where an attorney is "'qualified for the proceedings' in some specialized sense." According to the Supreme Court,

this "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). The Ninth Circuit has held that "[e]nvironmental litigation is an identifiable practice specialty that requires distinctive knowledge." *Love*, 924 F.2d at 1496. Further, "the combination of substantive legal knowledge and litigation expertise" necessary for litigation in environmental law "is found almost exclusively" in public interest environmental law firms. *Wash. Dep't of Wildlife v. Stubblefield*, 739 F.Supp. 1428, 1432 (W.D. Wash. 1989).

A prevailing party seeking enhanced attorneys' fees under EAJA must satisfy three tests: (1) the attorneys must possess some distinctive knowledge and skills developed through a practice specialty; (2) those distinctive skills must be needed in the litigation; and (3) those skills must not be available elsewhere at the statutory rate. *Love*, 924 F.2d at 1496. As summarized below and detailed in the accompanying declarations, Diné CARE's attorneys possess distinctive knowledge and skills regarding environmental and administrative law. Diné CARE's attorneys have extensive experience with federal statutes governing oil and gas development on federal and tribal lands, including the Mineral Leasing Act, as well as the federal permitting program for federal and tribal minerals. Diné CARE's attorneys also have expertise with respect to issues of law and procedure under the APA, and the interplay between environmental and administrative law.

### 1. Diné CARE attorneys possess distinctive knowledge and skills needed in this litigation that are unavailable elsewhere at the statutory rate

As detailed in attached declarations, Diné CARE's attorneys each possess distinctive knowledge and skills that were needed in the litigation and were unavailable elsewhere at the statutory rate. *See Love*, 924 F.2d at 1496 (stating standard); *Pollinator Stewardship Council v. U.S. EPA*, No. 13-72346, 2017 WL 3096105, at **2-7 (Ninth Cir. June 27, 2017) (applying standard and awarding enhanced fees).

6

### a.    Kyle Tisdel

Kyle Tisdel has practiced exclusively state and federal environmental, land use, and property law for 14 years. Declaration of Kyle Tisdel (attached as Exhibit A). Mr. Tisdel is a 2002 graduate of Michigan State University and a 2005 graduate of Vermont Law School, where he was Editor-in-Chief of the Vermont Journal of Environmental Law. Mr. Tisdel practiced law with a private law firm in the state of Washington, and as a solo practitioner, before joining Western Environmental Law Center in 2011 as a staff attorney. Mr. Tisdel's practice focuses on federal and state court environmental litigation, and he also serves as Director of the Climate & Energy Program at Western Environmental Law Center. Mr. Tisdel routinely presents at continuing legal education seminars on environmental law, in particular on topics relating to public lands, oil and gas leasing and development, tribal and cultural interests, as well as greenhouse gas emissions and climate change. Mr. Tisdel has prosecuted many successful environmental cases as lead counsel in state and federal courts throughout the West.

### b.    Samantha Ruscavage-Barz

Samantha Ruscavage-Barz has practiced exclusively state and federal environmental law for 11 years. Declaration of Samantha Ruscavage-Barz (attached as Exhibit B). She is a 2008 *magna cum laude* graduate of the University of New Mexico School of Law where she received the Alfred Utton Award for Excellence in Natural Resources Law. She worked as a staff attorney for Advocates for the West and in solo practice before joining WildEarth Guardians as a staff attorney in 2010, focusing on curbing fossil fuel development on public lands and water issues. She continues to litigate in these areas, and recently became the Managing Attorney of WildEarth Guardians' legal program. Ms. Ruscavage-Barz is an Adjunct Professor at the University of New Mexico School of Law, and has presented on NEPA and other environmental and natural resources law issues at multiple CLE's over the past decade.

### c.    Erik Schlenker-Goodrich

Erik Schlenker-Goodrich is the Executive Director of and an attorney with the Western Environmental Law Center. Mr. Schlenker-Goodrich is a 1996 graduate of Cornell University with a Bachelor's of Science degree in Natural Resources and a concentration in American

7

Indian Studies, and a 1999 graduate of the University of Oregon School of Law with certificates in Environmental and Natural Resources Law and Pro Bono Law. In the 20 years that Mr. Schlenker-Goodrich has been practicing law, Mr. Schlenker-Goodrich has worked as a solo practitioner within the field of public interest environmental and natural resources law, as an attorney fellow with The Wilderness Society centered on BLM public lands management, and as an attorney with the Western Environmental Law Center. Since 2012, Mr. Schlenker-Goodrich has overseen WELC's entire legal practice, including oversight of all litigation and advocacy.

### 2.     Diné CARE Seek Reasonable Hourly Rates

As demonstrated above, Diné CARE's counsel are entitled to market rates in Albuquerque, New Mexico for their time spent prosecuting this litigation, as well as market rates for Denver, Colorado for their time spend on appeals of this matter. To ensure that they seek market rates in the forum of Albuquerque and Denver, Diné CARE consulted with attorneys who regularly practice federal environmental and administrative law in those forum, and reviewed fee award decisions from the District of New Mexico *See, e.g., N.L.R.B. v. Pueblo of San Juan*, 305 F. Supp. 2d 1229, 1237 (D. N.M. 2003) (granting enhanced rates where expertise and specialization was necessary to successfully prosecute case).

Diné CARE determined that the following rates represent market rates in the Albuquerque area for attorneys with a practice specialty in federal environmental and administrative law, based on years of experience:

- Samantha Ruscavage-Barz is entitled to $275 hourly for 2015; $285 hourly for 2016; $295 hourly for 2017; and $305 hourly for 2018 for her time spent on this litigation at the District Court; and is entitled to $405 hourly for 2015 and 2016; and $425 hourly for 2018 and 2019 for her time spent at the Tenth Circuit.

- Kyle Tisdel is entitled to $305 hourly for 2015; $315 hourly for 2016; $325 hourly for 2017; and $335 hourly for 2018 for his time spent on this litigation at the District Court; and is entitled to $455 hourly for 2015 and 2016; and $475 hourly for 2018 and 2019 for his time spent at the Tenth Circuit.

- Erik Schlenker-Goodrich is entitled to $385 hourly for 2015; $395 hourly for 2016; $405 hourly for 2017; and $415 hourly for 2018 for his time spent on this litigation at the District Court; and is entitled to $505 hourly for 2015 and 2016; and $525 hourly for 2018 and 2019 for his time spent at the Tenth Circuit.

## V.    DINÉ CARE SEEKS REASONABLE TIME

Diné CARE seeks a reasonable amount of time spent by their attorneys in prosecuting this litigation. They attach their attorneys' timesheets (attached as Exhibits 1 and 2). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Ninth Circuit has held that "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Diné CARE's attorneys have gone through their timesheets and applied billing judgment to omit time that is arguably non-compensable. Additionally, at the juncture of this motion, Diné CARE's attorneys have not included their time preparing a settlement letter and this motion, and pursuing settlement. If they are unable to settle, however, those amounts of time will be included in an amended motion. *Sorenson v. Concannon*, 161 F. Supp. 2d 1164, 1169 (D. Or. 2001) (time spent attempting to settle fees is compensable).

The following table applies the hourly rates requested above to the time for which compensation is sought:

| Samantha Ruscavage-Barz | Time | Rate | Total |
|---|---|---|---|
| 2015 | 152.1 | $275 | $41,827.50 |
| 2016 | 3.3 | $285 | $940.50 |
| 2017 | 68.6 | $295 | $20,237.00 |
| 2018 | 24.2 | $305 | $7,381.00 |
| **Dist. Ct. Total** | **248.2** | | **$70,386.00** |
| 2015 | 116.1 | $405 | $47,020.50 |
| 2016 | 43.1 | $405 | $17,455.50 |
| 2018 | 88.6 | $425 | $37,655.00 |
| 2019 | 51.3 | $425 | $21,802.50 |

| | | | |
|---|---|---|---|
| **Tenth Cir. Total** | **299.1** | | **$123,933.50** |
| **COMBINED TOTAL** | **547.3** | | **$194,319.50** |

| Kyle Tisdel | Time | Rate | Total |
|---|---|---|---|
| 2015 | 431.5 | $305 | $131,607.50 |
| 2016 | 18.0 | $315 | $5,670.00 |
| 2017 | 235.0 | $325 | $76,375.00 |
| 2018 | 55.8 | $335 | $18,693.00 |
| **Dist. Ct. Total** | **740.3** | | **$232,345.50** |
| 2015 | 259.3 | $455 | $117,981.50 |
| 2016 | 138.2 | $455 | $62,881.00 |
| 2018 | 189.1 | $475 | $89,822.50 |
| 2019 | 98.8 | $475 | $46,930.00 |
| **Tenth Cir. Total** | **685.4** | | **$317,615.00** |
| **COMBINED TOTAL** | **1,425.7** | | **$549,960.50** |

| Erik Schlenker-Goodrich | Time | Rate | Total |
|---|---|---|---|
| 2015 | 33.7 | $385 | $12,974.50 |
| 2016 | 0.7 | $395 | $276.50 |
| 2018 | 8.5 | $415 | $3,527.50 |
| **Dist. Ct. Total** | **42.9** | | **$16,778.50** |
| 2015 | 33.2 | $505 | $16,766.00 |
| 2016 | 2.0 | $505 | $1,010.00 |
| 2019 | 2.8 | $525 | $1,470.00 |
| **Tenth Cir. Total** | **38.0** | | **$19,246.00** |
| **COMBINED TOTAL** | **80.9** | | **$36,024.50** |

**TOTAL ATTORNEYS' FEES: $780,304.50**

## VI.    DINÉ CARE IS ENTITLED TO RECOVER THEIR COSTS AND EXPENSES

EAJA authorizes a court to award "costs" as enumerated at 28 U.S.C. § 1920, as well as "other expenses," 28 U.S.C. § 2412(a)(1) & (d)(1)(A). "[T]he [other] expenses enumerated in [subsection (d)] are set forth as examples rather than as an exclusive list" and "routine" expenses "billed to the client in the normal course of business and [] allowed under other fees statutes" are compensable; a contrary reading of EAJA "would contravene the purpose of EAJA to make competent legal representation available to the parties in litigation against the government." *Nat'l Labor Relations Bd. v. Pueblo of San Juan*, 305 F. Supp. 2d 1229, 1233 (D. N.M. 2003);

*accord Int'l Woodworkers of America v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986) (ruling that "other expenses" under EAJA include "expenses normally billed to a client," such as telephone calls, postage, and attorney travel expenses).

Here, Diné CARE seeks **$11,405.03** in combined costs and expenses, including filing fees, copying, and postage, as well as travel and lodging, as detailed in the attached PDFs. Total costs and expenses for WildEarth Guardians is $1,799.27. Total costs and expenses for Western Environmental Law Center is 9,605.76.

## VII.    CONCLUSION.

As detailed in the attached timesheets, Diné CARE respectfully request that this Court award them $780,304.50 in attorneys' fees and $11,405.03 in costs, for a total of **$791,709.53** in fees and costs.


RESPECTFULLY SUBMITTED this 1st day of August, 2019.

/s/ Kyle J. Tisdel
Kyle J. Tisdel
tisdel@westernlaw.org
WESTERN ENVIRONMENTAL LAW CENTER
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
(p) 575.613.8050

*Counsel for Plaintiffs*

/s/ Samantha Ruscavage-Barz
Samantha Ruscavage-Barz
sruscavagebarz@wildearthguardians.org
WILDEARTH GUARDIANS
516 Alto Street
Santa Fe, NM 87501
(p) 505.401.4180

*Counsel for Plaintiff WildEarth Guardians*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on August 1, 2019, I electronically filed the foregoing PLAINTIFFS'
PETITION FOR ATTORNEYS' FEES AND COSTS with the Clerk of the Court via the
CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ Kyle Tisdel
Western Environmental Law Center
Counsel for Plaintiffs